IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES EUGENE VINSON,    )<br>    Petitioner,    )<br>    )<br>v.    )<br>    )<br>UNITED STATES OF AMERICA,    )<br>    Respondent.    ) | No. 3:20-cv-00071-G (BT) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Eugene Vinson, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition, as amended, and deny any pending motions as moot.

I.

Vinson is an inmate in the Bureau of Prisons (BOP) at Seagoville Federal Correctional Institution (FCI) in Seagoville, Texas. In 2013, he pleaded guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to four counts of a nine-count indictment, including the following counts: (1) inducing minors under age ten to engage in sexually explicit conduct for the purpose of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2 (counts one and four); (2) transporting minors under age ten in interstate commerce for the purpose of producing child pornography in violation of 18 U.S.C. §§ 2251 and 2 (count six); (3) and possessing a computer containing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2 (count nine). His plea agreement provided for a negotiated sentence of 342

months' imprisonment, and the Government agreed to exercise primary jurisdiction over him. The Court sentenced Vinson to 342 months' imprisonment on counts one, four and six, and 120 months' imprisonment on count nine, which was below the guideline range of life imprisonment.

Vinson filed a notice of appeal, but he later informed the Court of Appeals that he wished to file a motion to vacate, set-aside, or correct under § 2255. Vinson filed his first § 2255 motion in 2014. On March 25, 2016, he voluntarily dismissed the motion. Eight months later, Vinson filed a second § 2255 motion. In his first and second § 2255 motions, Vinson alleged that his attorney provided ineffective assistance of counsel. On May 20, 2019, the court dismissed his second § 2255 motion.

On January 13, 2020, Vinson filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 3.) He claims that he is actually innocent of his federal sentence because it is based on the unconstitutionally vague language addressed in *United States v. Davis*, 139 S. Ct. 2319 (2019).

On October 18, 2021, Vinson filed a motion to amend his § 2241 petition. (ECF No. 44.) In it, Vinson argued that he is entitled to an immediate sentence reduction and immediate computation of his sentence to time served based on a concession by the Government. *Id.* 1. Specifically, he notes that the Government admitted that "the Petitioner, James E. Vinson, was not convicted of a violent crime nor charged with such and also stated that he, the Petitioner, received no special enhancements based on force or violence in the above case." *Id.* (citing

Resp. (ECF No. 11)). On October 20, 2021, the Court granted Vinson's motion to amend. (ECF No. 46.)

II.

A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting 28 U.S.C. § 2255(e) (emphasis added)).

The movant bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack,* 218 F.3d at 452). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement

3

is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also Pack*, 218 F.3d at 453 ("merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy"). The bar against filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The fact that a movant who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations does not render § 2255 "inadequate or ineffective." *Loredo v. Joslin*, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004). Rather, the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the movant may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the movant's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904; *see also Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017); *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). When a petitioner fails to satisfy the savings clause, the court should dismiss the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

      Here, Vinson argues that this Court should "GRANT for REMAND and VACATE" his conviction on the basis that he is actually innocent following a "New Constitutional Law". Pet. 1 (ECF No. 3). Specifically, he refers to the Supreme Court's "retroactive Ruling that a collateral review of the 'elements' of an alleged

4

'crime of violence,' when supported by 'evidence,' shall be deemed 'unconstitutionally vague'" under *Davis*, 139 S. Ct. at 2319. *Id.* In *Davis*, the Supreme Court invalidated 18 U.S.C. § 924(c)(3)'s residual clause as unconstitutionally vague. *Davis,* 139 S. Ct. at 2324. But *Davis* offers Vinson no relief because he was not convicted or sentenced to a § 924(c)(3) offense. Rather, as discussed, he was sentenced to 342 months' imprisonment for several child pornography convictions. The Supreme Court's holding has no bearing on Vinson's child pornography convictions. In support of his argument, Vinson cites to *United States v. Gillis,* 938 F.3d 1181 (11th Cir. 2019). Pet. 1, 26, 28 (ECF No. 3). However, *Gillis* is not a Supreme Court case, and Vinson cannot rely on it to fall within the provisions of the savings clause. *See* 28 U.S.C. § 2255(e). Vinson also argues that he was convicted of a crime of violence or received an enhanced sentence for a crime of violence that is unconstitutionally vague. Pet. 6 (ECF No. 3). However, Vinson was not charged with or convicted of a crime involving violence, and he was not sentenced to special enhancements based on force or violence. Despite his arguments to the contrary, Vinson cannot demonstrate that *Davis* establishes that he may have been convicted of an offense that is now nonexistent. Likewise, he cannot show that the vagueness holding in *Davis* applies to any of his offenses. As discussed, Vinson pleaded guilty to and was convicted of several child pornography offenses. Vinson does not argue that the conduct underlying his convictions fails to constitute a crime under the proper statute. Rather, all of his arguments relate to his sentence, not his convictions. However, the Fifth Circuit Court of Appeals

5

has held, "because [the petitioner] does not attack his conviction and his claims challenge only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed [the petitioner's] § 2241 petition." *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Therefore, Vinson has not shown that his petition falls within the § 2255(e) savings clause, and his petition should be dismissed for lack of jurisdiction.

Last, with respect to Vinson's claim that he is actually innocent, the Court notes that the Government dismissed several counts of the original indictment pursuant to the plea agreement. Therefore, to demonstrate actual innocence, Vinson would have to show that he is actually innocent of those charges as well to be entitled to relief. *See Bousley v. United States*, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."); *see also United States v. Arreolo-Ramos*, 204 F.3d 1115, 1999 WL 1328071, at *1 (5th Cir. 1999) ("*Bousley* points out that a petitioner claiming factual innocence must be prepared to establish, in addition to his innocence of the firearms charge, that he did not commit any more serious crimes whose prosecution was forgone by the government in exchange for the plea agreement.") (citing *Bousley*, 118 S. Ct. at 1612).

### III.

For the foregoing reasons, the Court should dismiss Vinson's § 2241 petition, as amended, and deny any pending motions as moot.

Signed December 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*